PER CURIAM:
Claimant brought this action for damage he alleges occurred on property he owns on the back channel of the Ohio River on Wheeling Island in Ohio County. Respondent had contracted with the C. J. Mahan Construction Company to construct a new bridge known as the Back Channel Bridge on Wheeling Island and the alleged damages occurred during the construction of the bridge. The Court heard this claim after having taken a view of the bridge and claimant’s property. The Court is of the opinion to deny this claim for the reasons stated herein below.
Claimant purchased several tracts of property on the Ohio side and the W est Virginia side of the Ohio River on or about November 6, 1997, as indicated on the deed. The deed was recorded in Belmont County, Ohio, on June 15, 1998, as evidenced by a stamp on the deed. Claimant contends that respondent allowed its contractor to dig a ditch on his property and to burn debris and other materials on his property during construction of the bridge on Wheeling Island. His property line is parallel to the bridge on one side, along the right of way for the railroad tracks, and then abutting the waters of a back channel of the Ohio River. The property is tree and brush covered. There is no access to the property from the land above the property. Claimant testified that he was at the site during the construction of the Back Channel Bridge when he observed employees for the contractor burn a pile of “wood and junk” on his property and then take soil from his tract of land to cover up the area after the burning took place. Claimant alleges damages in the amount of $10,000.00 to his property as the result of the trespass by respondent’s contractor during construction of the Back Channel Bridge.
Respondent asserts that any damage to claimant’s property occurred in February 1997 prior to the time that claimant made his purchase of the property; therefore, the claimant has not sustained any damages.
*103 Robert Langen, the Area Engineer for respondent and the Project Engineer for the construction of the Back Channel Bridge on Wheeling Island, testified that C J. Mahan Construction Company was the contractor for the construction of this particular bridge. He testified that during the piling operation for the abutment of the bridge closest to the railroad tracks and claimant’s property, a foreman for the contractor dug a hole or trench to Wheeling Creek to drain the construction area for a piling operation necessary to construct one of the bridge abutments. Resp ondent did not have an inspector at the site and the action was taken without respondent’s permission. The parties were aware that the trench dug was not on the State’s right of way. That was the only trespass that he knew occurred on claimant’s property.
The issue in this claim is one of trespass. Respondent’s contractor encroached upon the claimant’s property without permission or any form of right-of-way agreement between claimant and respondent. The parties herein agree that a trespass occurred, but respondent wishes the Court to believe that the trespass occurred prior to ownership of the property by claimant. However, claimant testified that he observed one act of trespass after he purchased the property, but prior to the actual recording of the deed. Respondent admits that if it had been present and observed the contractor’s actions, it would have prohibited any trespass on property outside the State’s right of way for the construction project, i.e., the construction of the Back Channel Bridge. The Court is of the opinion that respondent is liable for the acts of its contractor as it failed in its duty to inspect and oversee its contractor on the occasion(s) when a trespass occurred.
The next issue for the Court to address is that of determining the damages suffered by claimant as a result of any trespass on this particular tract of property. Claimant could not provide the Court with any estimate or actual statement as to the damages to his property. Therefore, he has failed in his burden of proof to establish any viable damages to his property. This particular tract has no reasonable access other than crawling down a brush and tree covered bank. Thus, the Court has determined that any award calculated as fair and reasonable to both parties herein would require the Court to resort to pure speculation which this Court declines to do. Thus, claimant is not entitled to any recovery in the claim.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.